IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

ANNETTE E. WITTIG                                                                                    PLAINTIFF

v.                                      Civil No. 05-3034

JO ANNE B. BARNHART, Commissioner,
Social Security Administration                                                                  DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Annette E. Wittig brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her applications for disability insurance benefits and supplemental security income under Sections 1602 and 1614(a)(3)(A) of the Social Security Act. The defendant filed an answer to the complaint on August 24, 2005, asserting that the findings of the Commissioner were supported by substantial evidence and were conclusive.

On October 17, 2005, the Commissioner, having changed positions, filed a motion requesting that plaintiff's case be remanded pursuant to "sentence four" of section 405(g) in order to conduct further administrative proceedings and obtain additional information. The defendant states that upon remand the administrative law judge (ALJ) will further evaluate plaintiff's physical and mental impairments, reassess plaintiff's functional capacity (RFC), and obtain proper vocational expert testimony to support the decision. We have telephonically verified that plaintiff's attorney has no objection to the motion.

The exclusive methods by which a district court may remand a social security case to the Commissioner are set forth in "sentence four" and "sentence six" of 42 U.S.C. § 405(g). A remand

pursuant to "sentence six" is limited to two situations: where the Commissioner requests a remand before answering the complaint, or where the court orders the Commissioner to consider, new, material evidence that was for good cause not presented before the agency. The Fourth sentence of the statute provides that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g); *Shalala v. Schaefer*, 509 U.S.292, 296, 113 S.Ct. 2625 (1993).

Based on the foregoing, we find remand appropriate and recommend granting the Commissioner's motion and remanding this case to the Commissioner for further administrative action pursuant to "sentence four" of section 405(g). If plaintiff wishes to request an award of attorney's fees and costs under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, an application may be filed up until 30 days after the judgment becomes "not appealable," i.e., 30 days after the 60-day time for appeal has ended. *See Shalala v. Schaefer*, 509 U.S. at 302; 28 U.S.C. § 2412(d)(1)(B),(d)(2)(G).

**The parties have ten days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

DATED this 7th day of November 2005.

/s/Beverly Stites Jones
HON. BEVERLY STITES JONES
UNITED STATES MAGISTRATE JUDGE