# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF ARKANSAS
# HARRISON DIVISION

ANNETTE E. WITTIG                                                        PLAINTIFF

            v.                     Civil No. 05-3034

JO ANNE B. BARNHART, Commissioner,
Social Security Administration                                           DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Annette E. Wittig appealed the Commissioner's denial of benefits to this court. On November 30, 2005, judgment was entered reversing the decision of the Administrative Law Judge and remanding plaintiff's case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g).

On January 17, 2006, plaintiff moved for approval of attorney's fees and costs under 28 U.S.C. § 2412, the Equal Access to Justice Act (EAJA), in the amount of $1,676.45, representing 13.30 hours of service at the rate of $125.00 per hour and $13.95 in expenses. Defendant has filed a response, expressing no objection to this award.

Pursuant to 28 U.S.C. § 2412(d)(1)(A), the court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified. The burden is on the Commissioner to show substantial justification for the government's denial of benefits. *Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986). After reviewing the file, we find plaintiff is a prevailing party in this matter. Under *Shalala v. Schaefer*, 509 U.S. 292, 302, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993), a social

security claimant who obtains a sentence-four judgment reversing the Commissioner's denial of benefits and remanding the case for further proceedings is a prevailing party.

Plaintiff requests attorney's fees under EAJA at an hourly rate of $125.00. In the past, the statutory hourly rate under EAJA was $75.00 which could be upwardly adjusted to account for an increase in the cost of living since October 1, 1981, the effective date of EAJA as originally enacted, or a special factor such as the limited availability of qualified attorneys. *Kelly v. Bowen*, 862 F.2d 1333, 1336 (8th Cir. 1988); 28 U.S.C. § 2412(d)(2)(A). The Contract with America Advancement Act of 1996, passed on March 29, 1996, amended EAJA and increased the statutory ceiling for EAJA fee awards from $75 to $125 per hour. *See* Public Law 104-121, § 232(b)(1). The $125.00 rate applies to civil actions filed on or after the enactment date. *Id.* § 233. Consequently, we find that plaintiff's counsel is entitled to compensation at an hourly rate of $125.00.

**CONCLUSION**

Based on the above, we recommend awarding plaintiff's attorney fees and costs under EAJA of $1,676.45, representing 13.30 hours at a rate of $125.00 per hour and $13.95 in expenses. This amount should be paid in addition to, and not out of, plaintiff's past due benefits. The parties have ten days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.

**DATED this 13th day of March 2006.**

**/s/Beverly Stites Jones**
**HON. BEVERLY STITES JONES**
**UNITED STATES MAGISTRATE JUDGE**